IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:16-CV-00081-RLV-DCK

| | |
|---|---|
| JONATHAN BYNUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LINCOLN COUNTY ANIMAL ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Jonathan Bynum's Motion to Proceed *in forma pauperis* (Doc. No. 2) (the "IFP Motion"). For the following reasons, the IFP Motion is **DENIED** and the complaint is **DISMISSED**.

Because Plaintiff is seeking to proceed *in forma pauperis*, the Court must first review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In so doing, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law.

*Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Indeed, the rules governing the generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Ashby v. City of Charlotte*, 2015 U.S. Dist. LEXIS 103286, at *4 (W.D.N.C. Aug. 6 2015); *Godfrey v. Long*, 2012 U.S. Dist. LEXIS 2671, at *3-4 (E.D.N.C. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *accord Atherton v. Dist. of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[E]ven a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

In his complaint, Plaintiff alleges a cause of action against the Lincoln County Animal Services (hereinafter, the "Defendant"). [Doc. No. 1] at p. 1. His allegations purport to arise out of a violation of his constitutional rights, and he seeks to vindicate that violation in an action brought pursuant to Section 1983. *See* 42 U.S.C. § 1983. See [Doc. No. 1] at p. 1. Plaintiff's factual allegations assert that he has been harmed, in some unspecified manner, because Defendant "deprived [him] from an appointment to pick up animal 2 times after calling shelter and the animal shelter had once come and gone." *Id.* at p. 2. The complaint alleges that the Defendant "frustrated" Plaintiff's efforts to have his "pet" "picked up," and that Defendant "fabricated" a representation that it would "pick up" the "pet." *Id.* Plaintiff asserts that Defendant committed a "misrepresentation" and "fraud" in providing the services that he requested, and that, in doing so, the Defendant deprived him of "due process" through "negligence" respecting the "delay or effect of [the] delay." *Id.* at p. 3. Plaintiff alleges injury to his "property" and seeks significant monetary relief. *Id.*

With regard to Section 1983, Plaintiff has not specifically alleged the violation of any constitutional or statutory right. In particular, Plaintiff has not alleged how the Defendant's actions

violate either his procedural or substantive due process rights. "Negligence does not state a cause of action under [Section] 1983 where due process claims are alleged." *Moore v. Kidd*, 25 F.3d 1040, 1994 WL 201010, at *1 (4th Cir. 1994) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). Moreover, the benefit of discretionary enforcement of the law does not confer upon a private citizen a constitutionally-protected individual entitlement to a mandatory investigation of his claims by the state, and therefore such a benefit cannot give rise to a constitutionally-protected property interest. *See*, *e.g.*, *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989); *Doe v. S.C. Dep't. of Soc. Servs.*, 597 F.3d 163 (4th Cir. 2010); *Patten v. Nichols*, 274 F.3d 829, 836 (4th Cir. 2001) (holding that the Due Process Clause "serves as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security" (quotation marks and citation omitted)). Here, no allegation has been made that Defendant failed to act because of Plaintiff's race, color, religion, national origin, gender, age, or other illegally discriminatory basis. Consequently, Plaintiff's federal claim must be dismissed and, therefore, federal question jurisdiction is lacking.

Because federal question jurisdiction is lacking, and because the parties are not diverse,[1] the Court may exercise supplemental jurisdiction over any state law claims contained in the complaint or dismiss the complaint in its entirety. *See* 28 U.S.C. § 1367. The Court declines to exercise supplemental jurisdiction. Accordingly, the IFP Motion is **DENIED** and the complaint is **DISMISSED**.

As a final matter, the Court again notes that Plaintiff Bynum has filed *numerous* suits with this Court – many of which have been dismissed as outright frivolous. The Court hereby warns Mr. Bynum: The resources and patience of this Court are not limitless. One consumes

---

[1] The Court sees no manner in which the Lincoln County, North Carolina Animal Services can be found to be a diverse party from Plaintiff, who is a North Carolina resident. *See* [Doc. No. 1] at p. 1.

governmental resources when filing a lawsuit. These governmental resources are available to assist persons with dispute resolution. However, the consumption of governmental resources for the purpose of harassment detracts from this Court's ability to provide resources to others. Put simply, time spent working on cases that are ultimately found frivolous takes away time that could have been spent working on other, non-frivolous matters. "[J]udicial resources are in scarce supply. Meritorious claims often take years to w[i]nd their way through our court system, in part because the judicial system is so overburdened." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 820 (4th Cir. 2004). If Plaintiff intends to continue having frivolous matters filed with this Court, then the Court may impose **SANCTIONS**, including, but not limited to, a finding of contempt and a pre-filing injunction.

    **SO ORDERED**.

Signed: May 26, 2016

Richard L. Voorhees
United States District Judge